

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MANUEL EVERETT ALVAREZ,
    DC# 425478,
    Plaintiff,

v.                      CASE NO.: 5:10-cv-00001-RH-GRJ

DANIEL GLOVER, et al.,
    Defendant(s).
_____/

## PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, Manuel Everett Alvarez, in propria persona, and hereby files this response to the Defendants' Motion for Summary Judgment and would argue that the motion be denied.

### I. DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Ibid, at 323, 106 S.Ct. at 2553.

An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997)(internal quotations omitted). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Id. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. Id. If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. Id.

Once the movant, here, the defendant, satisfies its initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to come forward with specific facts showing that there is a

genuine issue for trial. Id. The nonmovant must demonstrate that there is indeed a material issue of fact that precludes summary judgment. A mere scintilla of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. Id. The nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole. Id. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Id. Even if the district court believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices. Miller v. Harget, 458 F.3d 1251, 1256 (11th Cir. 2006). See also Bischoff v. Osceola County, 222 F.3d 874, 876 (11th Cir. 2000) (holding that in a § 1983 action against the county and sheriff, it was error for the district court to resolve factual dispute and make credibility choices on material issues just by relying on reading of warring affidavits); Harris v. Ostrout, 65 F.3d 912, 916-17 (11th Cir. 1995) (holding that in a § 1983 action against prison officials, affidavits by fellow inmates created a triable issue of fact precluding summary judgment); Perry v. Thompson, 786 F.2d 1093, 1095 (11th Cir. 1986) (holding that where defendants' affidavits directly contradicted prison officers' version of events, there was a "square, head-on dispute of material facts" precluding summary judgment).

In this case, the Defendants have failed to show that there is an absence of evidence to support the Plaintiff's case. Attached to this response is the Plaintiff's affidavit. In his affidavit, the Plaintiff states that after he says, "All of ya'll are liars," Defendant Patterson told Defendant Grover to "[t]ear him up and spray him." The Plaintiff says that Defendant Grover immediately "stepped on [his] right foot and punched him [him] with his fist on the back right side of [his] head so hard [he] fell down on the left side of [his] body to the floor." The Plaintiff further states that Defendant Grover "then started kicking [him] as hard as he could over 20 times on [his] lower back and right side of [his] back." According to the Plaintiff, Defendant Patterson watched and did nothing to try to stop Defendant Grover. He says that Defendant Grover "pulled [him] up off the floor" and subsequently "put [the Plaintiff's] head in a corner of the small are by the bottom of the stairway, and began beating up on [him] again by punching [Plaintiff] with his fists in [Plaintiff's] stomach, [his] back, and kicking [him] over and over." The Plaintiff also says that Defendant "Silcox did observe all of this" and "did not stop any of it by using his authority as a lieutenant." He further stated that Defendant Hunter watched as Defendant Grover beat him by the bottom of the stairway.

The Plaintiff's facts set out a prima facie case of excessive force that the Defendants dispute. The Plaintiff says that he was punched and kicked by Defendant Grover and that Defendants Patterson, Silcox, and Hunter did not try to

stop the beating. The Defendants deny the Plaintiff's allegations in there affidavits. This creates a dispute over a material fact in issue.

To establish an Eighth Amendment violation a prisoner must prove that his injury was caused by an "unnecessary and wanton infliction of pain." Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996) (quoting Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992)). The Supreme Court has admonished that in such cases "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Harris, Id. (quoting Hudson, at 7, 112 S.Ct. at 999). The absence of "serious injury" alone is insufficient to dismiss a prisoner's Eight Amendment claim. Id. Instead, analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks omitted). Only "de minimis" uses of force are beyond constitutional recognition. Id. Moreover, the Supreme Court has suggested that the type of punishment, rather than some arbitrary quantity of injury, may be relevant for Eighth Amendment claims. Id. Furthermore, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can

be held personally liable for his nonfeasance. Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) (citing Post v. City of Fort Lauderdale, 7 F.3d 1552, 1560 (11th Cir.1993), as amended, 14 F.3d 583 (11th Cir.1994) ("A police officer has a duty to intervene when another officer uses excessive force."); Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir.1986) ("if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983"); Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir.1985) ("an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance"); Harris v. Chanclor, 537 F.2d 203, 206 (5th Cir.1976)[1] ("a supervisory officer is liable under [Section] 1983 if he refuses to intervene where his subordinates are beating an inmate in his presence").

The facts, viewed in the light most favorable to the Plaintiff, is that Defendant Grover beat the Plaintiff upon Defendant Patterson's verbal direction for a perceived disrespectful statement uttered by the Plaintiff, and Defendants Silcox and Hunter watched the assaults and did not intervene. See Skrtich, 280 F.3d at 1300 ("Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

restore discipline [and not] maliciously and sadistically to cause harm.")(quoting Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)); see also Skrtich, 280 F.3d at 1302 ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.") (quoting Fundiller v. City of Cooper City, 777 F.2d 1436, 1441-42 (11th Cir.1985) (finding that arrestee had stated a claim for relief for unlawful use of force against officers who, instead of rendering aid to a suspect who had been shot five times by an officer, dragged suspect from his car, placed him face down on the ground, and shackled his hands behind him, exacerbating his wounds).

After the beating, the Plaintiff was taken to a cell, sprayed with pepper spray, and then given a Post-Use-of-Force Exam by Defendant Daffin. During the exam, Defendant Daffin noted 3 abrasions to the Plaintiff'' low back. (Defense Exhibit D-D1). A jury could reasonably infer that the 3 abrasions on the Plaintiff's lower back were the result of Defendant Grover kicking the Plaintiff in the back after knocking him to the floor. Defendants Patterson, Grover, and Hunter each claim in their respective affidavits that the Plaintiff layed down on the floor on his

own. However, at the time, the Plaintiff was handcuffed behind his back which significantly restricted his movement.

The force the Plaintiff was subjected to by Defendant Grover resulted in injuries that were more than de minimis. The Plaintiff was kicked over 20 times while on the floor and punched, then moved to the bottom of the stairway and beat again by Defendant Grover. This resulted in 3 abrasions to the Plaintiff's back and chronic back pain. The Plaintiff has made more that a dozen sick call request to prison medical services in which he complain of back pain from the January 2 beating he received from Defendant Grover. Attached to this response are "Inmate Sick Call Requests" that the Plaintiff submitted to health services from April 16, 2007, to April 12, 2009. The Plaintiff had had no back pain prior to being repeatedly kicked in the back by Defendant Grover. The Plaintiff was eventually given an MRI of his back and it is revealed in the consultant's report and other attached medical records that the discs in the Plaintiff's lower back have been disturbed. The Plaintiff's back injuries are real. His medical records prove it. Given the extent of the Plaintiff's injuries, the Defendant's use of force was more than de minimis and a reasonable jury could infer from the evidence that the Plaintiff's injuries were caused by Defendant Grover beating the Plaintiff.

## CONCLUSION

WHEREFORE, based on the foregoing facts, arguments, and citations of authority, this court should deny the Defendant's Motion for Summary Judgment.

Respectfully submitted,

August 8, 2011
Date

Manuel Everett Alvarez DC # 425478
Plaintiff, *Pro Se.*
Hardee Correctional Institution
6901 State Road 62
Bowling Green, Florida

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing: Plaintiffs Response To Motion for Summary Judgment has been furnished by regular U.S. Mail to: Clerk, U.S. District Court 401 S.E. 1st Ave, Room 243 Gainesville, Florida 32601, and identical true and correct copies of the same foregoing: Plaintiff's Response To Motion for Summary Judgment to: Counsel Mark J. Hiers, Assistant Attorney General, and Co-Counsel Cedell Ian Garland, Assistant Attorney General and defendants: Daniel Grover, Michael Silcox, Richard Patterson, Markevar Hunter, Jared R. Johnson, and Robert Daffin at location of Counsel for the defendants at: Office of the Attorney General of Florida Plaza Level one The Capitol Tallahassee Florida 32399-1050, on this date, August 8, 2011

Respectfully

Manl E. Hallway DC#425478

Response to Summary Judgment
Page 10 of 10